# IN THE MATTER OF JUDICIAL DITCH NO. 2 OF MEEKER AND WRIGHT COUNTIES.

## C. O. WERNER v. COUNTY OF MEEKER.[1]

February 6, 1920.

No. 21,359.

**Drain — no recovery of assessments paid.**

Action by landowner to recover certain assessments paid for the construction of a judicial ditch and to vacate the unpaid assessments. The engineer refused to accept the completed ditch. Since then neither the contractor's bondsmen, the county nor those beneficially interested have taken any action. There has been no abandonment of the project. It has never been judicially decided whether the contractor is in default. Of the contract price the county still withholds $1,247 because of the nonacceptance of the ditch. *Held*: The plaintiff does not have a right of recovery. [Reporter.]

Action in the district court for Meeker county to recover $141.05 paid to defendant as instalments of a certain ditch assessment and to vacate the unpaid assessments. The case was tried before Qvale, J., who made findings and dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*F. E. Latham, C. A. & V. C. Pidgeon* and *E. W. Campbell*, for appellant.

*Raymond H. Dart*, for respondent.

PER CURIAM.

This is an action to vacate certain assessments made against the land of the plaintiff in Meeker county in a judicial ditch proceeding and to recover of the county certain other like assessments paid by the plaintiff. The court found against the plaintiff and he appeals from the order denying his motion for a new trial.

In September, 1911, a judicial ditch was established in Meeker and Wright

[1]Reported in 175 N. W. 996.

counties. Plaintiff's land was assessed $321.25 for benefits. He paid assessments aggregating $141.05. He seeks to recover the amount of these assessments and to vacate the others.

The contract was let to one Eastman. The engineer in charge refused to accept the ditch, unless Eastman removed some 2000 yards more of earth, and this he refused to do. The court finds that, but for the mud and silt which filled into the ditch during the progress of construction, the work was completed substantially as contemplated, and that the ditch, though it was filled in and choked considerably, is a public improvement and substantially benefits the lands assessed. No steps have been taken toward completing the ditch by the contractor, nor by his bondsman nor the county auditor under G. S. 1913, § 5538, nor have those beneficially interested taken any action. The court finds, in effect, that there has been no abandonment of the project. The question whether the contractor performed, or was in default, has never been judicially determined.

There remains with the county of the contract price $1,247, which is withheld because of the nonacceptance of the ditch. It appears, at least inferentially, that the contractor claims or may claim a right to have the full contract price upon the ground that his work was completed. In this condition we cannot see that the plaintiff has a right of recovery. It is not a case where, after the completion of the ditch, or after an actual abandonment of the project, there remains with the county a sum of money which was to be devoted to the improvement and for which the assessments were made but which is unexpended. Order affirmed.